Jeffrey H. Wolf (Admitted *Pro Hac Vice*)
**QUARLES & BRADY LLP**
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200
Jeffrey.wolf@quarles.com

*Attorneys for Plaintiff*

John J. Rueda (SB#87669)
LAW OFFICE OF JOHN J. RUEDA
1501 – 28th Street
Sacramento, CA 95816
Telephone: (916) 451-4059
jrueda@ruedalaw.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mr. Pickle's Franchise Systems, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Mark T. Galisatus d/b/a Dugout Deli,<br><br>Defendant. | No. 2:21-cv-1003 MCE DB<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER AND ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Mr. Pickle's Franchise Systems, LLC, successor in interest to Mr. Pickle's Inc. and Mr. Pickle's Operating Corporation (collectively, "Mr. Pickle's") and defendant Mark T. Galisatus d/b/a Dugout Deli ("Defendant") jointly move the Court to enter the proposed amended protective order submitted herewith.

Good cause exists for this request because many of the documents and information at issue in this case contain confidential or proprietary information. If the parties' confidential or proprietary business information is disclosed or disseminated to outside parties or for purposes unrelated to the prosecution or defense of this matter, the disclosure would result in hardship to the parties, including, but not limited to, their business and

privacy interests in trade secrets, trade dress, and other highly sensitive information. A protective order is therefore necessary to ensure that the parties' confidential or proprietary business information is protected and that any information obtained by a receiving party is only used for the purposes of discovery, dispositive motions, trial, and any resulting appeals in this matter.

Wherefore, the parties respectfully request that for good cause shown, this Court enter a protective order in the form submitted herewith.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD**:

Dated:  March 28, 2022.

  */s/ Jeffrey H. Wolf*  
QUARLES & BRADY LLP  
Jeffrey H. Wolf (Admitted *Pro Hac Vice*)  
jeffrey.wolf@quarles.com  
Renaissance One  
Two North Central Avenue  
Phoenix, Arizona 85004-2391  
Telephone:  602.229.5200  

*Attorneys for Plaintiff*

  */s/ John J. Rueda (w/permission)*  
LAW OFFICE OF JOHN J. RUEDA  
John J. Rueda (SB#87669)  
1501 – 28th Street  
Sacramento, CA 95816  
Telephone: (916) 451-4059  
jrueda@ruedalaw.com  

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

　　　　　　　　　　　　　　　　　　　　　　/s/ Kim Simmons

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mr. Pickle's Franchise Systems, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Mark T. Galisatus d/b/a Dugout Deli,<br><br>　　　　　Defendant. | NO. 21-cv-01003-MCE-DB<br><br>**AMENDED PROPOSED STIPULATED PROTECTIVE ORDER** |

The parties to this Action recognize that certain of the documents and information being sought through discovery in the above-captioned Action are, for competitive, privacy and other reasons, normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret, financial or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). Plaintiff Mr. Pickle's Franchise Systems, LLC ("Plaintiff") and Defendant Mark T. Galisatus d/b/a Dugout Deli ("Defendant") have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate the document production and disclosure, and protect the respective interests of the parties in their trade secrets and/or confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

IT IS THEREFORE ORDERED THAT,

1. The following definitions shall apply to this Order:

　　A. "Action" shall refer to the above-titled proceeding through final

judgment by the Court.

   B.   The term "Confidential" shall mean any document, material, information, or thing disclosed in this Action and so designated by the Parties.

   C.   The term "Attorneys and Consultants Only" shall mean any document, material, information, or thing disclosed in this Action and so designated by the Parties.

   D.   "Legend" as used herein shall mean a large, bold stamp or similar insignia stating "CONFIDENTIAL" or "ATTORNEYS and CONSULTANTS ONLY." When any document is designated "Confidential" or "Attorneys and Consultants Only" pursuant to this Order, the Legend shall be affixed to the cover of such document and all pages containing information for which the producing party seeks protection.

   E.   When reference is made in this Order to any document or party, the singular shall include the plural, and plural shall include the singular.

2.   Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all documents and other discovery materials designated "Confidential" or "Attorneys and Consultants Only" shall be treated as such under this Order.  If any party objects to the designation of any document, the following procedure shall apply:

   A.   Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall identify the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within seven (7) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys and Consultants Only.  If no timely written response is made to the objection, the challenged designation will be deemed void.

   B.   If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, the parties shall attempt to resolve such challenges informally.  In the event that such attempts are not successful, the designating party shall, within fourteen (14) days after the original objection, present the dispute regarding the challenged designation to the Court by filing a written motion, and the Court

shall make an independent determination as to whether or not any given document is a Confidential or Attorneys and Consultants Only Document and/or properly redacted based upon facts then existing, and in so doing, the Court shall not be bound by any party's designation; provided, however, that such documents shall be deemed "Confidential" or "Attorneys and Consultants Only", as designated by the producing party, unless and until the Court rules otherwise. The designating party or entity must show that there is good cause for the document to have such protection. If no timely written motion is made by the designating party, the challenged designation will be deemed void.

        C.      If any party files a motion to preserve the designation of or redaction of information, the document shall be submitted to the Court for in-camera inspection.

3.      No Confidential or Attorneys and Consultants Only document shall lose such status under this Order as the result of the use of such document in any hearing, trial, or other proceeding, provided that such use is consistent with the terms of this Order.

4.      Nothing contained in this Order shall require any party to treat as a Confidential or Attorneys and Consultants Only document documents lawfully obtained by means other than through discovery or disclosure and under circumstances that would lead a reasonable person to conclude that the documents were not intended to be kept confidential by the recipient; provided, however, that nothing in this Order shall authorize any use of documents that is otherwise impermissible.

5.      A Confidential Document may be shown only to:

    a. Plaintiff, Plaintiff's in-house counsel, Plaintiff's disclosed outside counsel, and the legal, paralegal, and clerical employees of Plaintiff's disclosed outside counsel;

    b. Defendant, Defendant in-house counsel, Defendant disclosed outside counsel, and the legal, paralegal, and clerical employees of Defendant disclosed outside counsel;

    c. Persons who appear on the face of any document or material designated as "Confidential" as an author, addressee or recipient thereof;

    d. Any experts or consultants who are retained or employed by outside counsel in the Action. However, all experts (whether disclosed or retained) and consultants must sign and date the Agreement to Maintain Confidentiality to comply with this Order, attached hereto as **Exhibit "A."** For disclosed experts, the signed agreement to comply with this Order will be provided upon request of any counsel. For non-disclosed experts, the signed agreement to comply with this Order will be provided to the Court in-camera.

    e. Deponents, affiants, declarants or witnesses to the extent reasonably necessary to prepare for or to render their testimony;

    f. Individuals acting at the direction of counsel or at the direction of an individual in the aforementioned categories for the purposes of gathering information relating to claims and defenses;

    g. Court reporters and videographers during a deposition or proceeding;

    h. Vendors with whom outside counsel for a party to this action have contracted for copying of documents, preparation of exhibits and other clerical functions.

    i. The Court and Court personnel.

6. An Attorneys and Consultants Only Document may be shown only to:

    a. Plaintiff's disclosed outside counsel, and the legal, paralegal, and clerical employees of Plaintiff's disclosed outside counsel;

    b. Defendant disclosed outside counsel, and the legal, paralegal, and clerical employees of Defendant disclosed outside counsel;

    c. Persons who appear on the face of any document or material designated " Attorneys and Consultants Only" as an author, recipient or addressee thereof;

    d. Any outside experts or consultants who are directly involved in the Action. However, all outside experts (whether disclosed or retained) must sign and date the attached Agreement to Maintain Confidentiality to comply with this Order, attached hereto as **Exhibit "A."** For disclosed outside experts, the signed agreement to comply with this Order will be provided upon request of

any counsel. For non-disclosed outside experts, the signed agreement to comply with this Order will be provided to the Court in-camera.

 e. Deponents, affiants, declarants or witnesses to the extent reasonably necessary to prepare for or to provide their testimony, provided that counsel who received the Attorneys and Consultants Only information has obtained consent of counsel for the party who produced such information, except that such consent need not be obtained if (i) the deponent, affiant, or witness is an author or recipient of the Attorneys and Consultants Only Information, or (ii) the deponent, affiant, or witness is a predecessor owner, managing agent of a predecessor owner , employee or former employee or former franchisee of the producing party and is reasonably likely to have had knowledge of the specific Attorneys and Consultants Only Information to be disclosed.

 f. Court reporters and videographers during a deposition or proceeding; and

 g. The Court and Court personnel

 h. Vendors with whom outside counsel for any party to this Action have contracted for copying of documents, preparation of exhibits and other clerical functions.

7. A Confidential document shall be disclosed to the persons identified in Paragraph 5 above only to the extent reasonably necessary to enable that person to assist counsel in the preparation and litigation of this case.

8. An Attorneys and Consultants Only document shall be disclosed to the persons identified in Paragraph 6 above only to the extent reasonably necessary to enable that person to assist counsel in the preparation and litigation of this case.

9. Before any Confidential Document is disclosed to any person identified in Paragraphs 5(c-d) above, that person must first receive a copy of this Order and agree, in writing, to abide by its terms by executing and dating the Agreement to Maintain Confidentiality to comply with this Order, attached hereto as **Exhibit "A."** Upon written request of counsel with respect to categories 5(d-e), and after formal designation of experts

with respect to category 5(c) above, the opposing party shall provide a copy of any writings prepared and executed pursuant to this Paragraph.

10. Before any Attorneys and Consultants Only Document is disclosed to any person identified in Paragraphs 6(c-d) above, that person must first receive a copy of this Order and agree, in writing, to abide by its terms by executing and dating the Agreement to Maintain Confidentiality to comply with this Order, attached hereto as **Exhibit "A."** Upon written request of counsel with respect to category 6(d), and after formal designation of experts with respect to category 6(c) above, the opposing party shall provide a copy of any writings prepared and executed pursuant to this Paragraph.

11. At any time, any party may request in writing permission to disclose any document designated "Confidential" or "Attorneys and Consultants Only" to any person other than those permitted access to such documents under Paragraphs 5 and 6 above by identifying the person and the reason. Each other party, by its counsel, shall thereafter respond in writing within fifteen (15) days of receipt of the written request, or such other period of time as the Court may designate pursuant to an application seeking to shorten said time, and if the requested permission is withheld, shall state the reasons therefor. If consent has been withheld by any party, and the parties are subsequently unable to agree on whether the requested disclosure should be allowed, or they cannot agree on the terms and conditions of disclosure, the matter may be submitted to the Court upon motion by the party seeking to make disclosure; provided, however that until such time as the Court orders otherwise, no such disclosure shall be made.

12. Nothing in this order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal, such party shall seek leave of Court and shall show "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing

an unredacted, sealed version of the same document.[1] Further, no portion of the trial of the matter shall be conducted under seal.

13. Nothing in this Order or any writings prepared by the parties pursuant to Paragraphs 9 and 10 of this Order shall constitute an admission by the party or be used as evidence that the documents designated as "Confidential" or "Attorneys or Consultants Only" actually are or contain trade secret information as defined by law.

14. To the extent a party desires to designate documents already distributed or exchanged in this proceeding as "Confidential" or "Attorneys and Consultants Only," the producing party must specifically designate which documents it retroactively deems "Confidential" or "Attorneys and Consultants Only" to the receiving party within thirty (30) days from the date this Order is entered.

15. All copies of any Confidential or Attorneys and Consultants Only document shall be treated as provided in this Order. Any person making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.

16. Except as otherwise provided in this paragraph, within thirty (30) days after this Action and any appeals of this Action end, each party shall destroy all originals and copies of all documents containing or constituting a Confidential or Attorneys and Consultants Only document in its possession, custody, or control that did not originate from and were not produced by that party (e.g., documents received from the opposing party designated as "Confidential" or "Attorneys and Consultants Only"). Without limiting the generality of the foregoing, the obligation to destroy such documents shall include the obligation to erase all images, compilations, copies, summaries, or abstracts of them from computer storage, except for materials constituting attorney work-product. Upon written

---

[1] If a party wants to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising, the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least two weeks before the due date of the filing in which they wish to reference the information.

request of counsel, the opposing party and their counsel shall sign a certification stating that they have fully complied with this paragraph. This paragraph does not require the parties to destroy pleadings, orders, motions, or briefs.

17. The inadvertent production by any producing party of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter.

18. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents or other discovery material.

19. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of a stamped Confidential or Attorneys and Consultants Only document; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraphs 9 and 10 above.

20. Nothing in this Order shall abridge the right of any person to seek modification or amendment of this Order, subject to approval by the Court.

21. The obligations created by this Order shall survive the termination of this proceeding unless otherwise modified by the Court.

APPROVED AS TO FORM AND CONTENT:

Dated: March 28, 2022.

  /s/ Jeffrey H. Wolf  
QUARLES & BRADY LLP  
Jeffrey H. Wolf (Admitted *Pro Hac Vice*)  
jeffrey.wolf@quarles.com  
Renaissance One  
Two North Central Avenue  
Phoenix, Arizona 85004-2391  
Telephone: 602.229.5200  

*Attorneys for Plaintiff*

  /s/ John J. Rueda (w/permission)  
LAW OFFICE OF JOHN J. RUEDA  
John J. Rueda (SB#87669)  
1501 – 28th Street  
Sacramento, CA 95816  
Telephone: (916) 451-4059  
jrueda@ruedalaw.com  

*Attorney for Defendant*

# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

     3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

     4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

     5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

     6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

     7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

     8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 29, 2022                    /s/ DEBORAH BARNES
                                                  UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, _____, declare and say that:

1. I am employed as _____ by
_____.

2. I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in *Mr. Pickle's Franchise Systems, LLC v. Mark T. Galisatus d/b/a Dugout Deli*, Case No. 21-cv-01003-MCE-DB, and have received a copy of the Order.

3. I promise that I will use any and all "Confidential" or "Attorneys' Eyes Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Attorneys' Eyes Only" information with anyone other than the persons described in the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the U.S. District Court for the District of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "Confidential" or "Attorneys' Eyes Only" information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

7. I will return all "Confidential" or "Attorneys and Consultants Only" materials to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said materials or any information contained within "Confidential" or "Attorneys and Consultants Only" materials.

Dated: _____

_____
Signature